IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM FILLYAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 08 C 3862 |
| | ) | |
| OFFICER MICAH CRESS, and | ) | Judge Kocoras |
| OFFICER KEVIN CROWN, | ) | |
| | ) | Magistrate Judge Denlow |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT**

Defendants, Micah Cress ("Cress") and Kevin Crown ("Crown") by and through their attorneys, Julie M. Koerner and Joshua S. Abern, in answer to the allegations in Plaintiff, William Fillyaw's, First Amended Complaint state as follows:

**JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); and the Constitution of the United States.

**ANSWER:** Defendants admit that Plaintiff's Complaint purports to bring a civil rights claim pursuant to §1983, and therefore, jurisdiction is appropriate.

**VENUE**

2. Pursuant to 28 U.S.C. §1391, this Court is the proper venue for this matter as the case stems from an incident occurring in Wadsworth, Lake County, Illinois, which is part of the Federal Judicial District for the Eastern Division of the Northern District of Illinois.

**ANSWER:** Defendants admit that venue is proper.

1

## PARTIES

3. Plaintiff is a resident of the State of Illinois and of the United States.

**ANSWER:** Upon information and belief, Defendants admit the foregoing statement of Plaintiff's residency.

4. Defendants, Officers Cress and Crown, are members of the North Chicago Police Department and were also involved in the Lake County Major Crime Task Force's operation that gives rise to this Complaint as detailed further below. Both Defendants are being sued in their individual capacities.

**ANSWER:** Defendants admit that they were duly appointed peace officers with the City of North Chicago for all relevant times alleged in this Complaint, and that they assisted in the arrest and apprehension of Plaintiff in the course and scope of their employment. Defendants deny the remaining allegations of Paragraph 4.

## COUNT I – EXCESSIVE FORCE

5. This action is brought pursuant to the Laws of the United States Constitution, 42 U.S.C. §1983, and the Laws of the State of Illinois to redress deprivations of the Plaintiff's civil rights.

**ANSWER:** Defendants admit that Plaintiff's Complaint purports to bring a civil rights claim pursuant to §1983.

6. On July 3, 2007, Defendants, Officers Cress and Crown, while acting pursuant to their roles as members of the North Chicago Police Department and the Lake County Major Crimes Task Force, and under color of law, unreasonably seized Plaintiff, William Fillyaw. This conduct violated the Plaintiff's rights under the Fourth Amendment of the United States Constitution.

**ANSWER:** Defendants admit that they were duly appointed peace officers with the City of North Chicago for all relevant times alleged in this Complaint, and that they assisted in the arrest and apprehension of Plaintiff in the course and scope of their employment. Defendants deny the remaining allegations of Paragraph 6, and specifically deny that Plaintiff's seizure was in violation of his Fourth Amendment rights in that said seizure was pursuant to a valid arrest warrant issued by a court of competent jurisdiction.

7. As part of an operation conducted by the Lake County Major Crimes Task Force, Defendants used a large unmarked sports utility vehicle to ram Plaintiff William Fillyaw's vehicle with excessive force in an effort to stop the vehicle.

**ANSWER:** Defendants deny the allegations of Paragraph 7.

8. Plaintiff was never notified that he was under arrest prior to the ramming of his vehicle.

**ANSWER:** Defendants were not able to observe or hear the events that occurred prior to or at the time that Plaintiff's vehicle was struck and have no knowledge or information as to whether or not other officers notified Plaintiff that he was under arrest, therefore, they are unable to admit or deny the allegations of Paragraph 8 and demand strict proof thereof.

9. After the Plaintiff's vehicle was rammed, the Defendants, in civilian clothes, exited the sports utility vehicle and used deadly force by firing several gunshots at the Plaintiff. One of the bullets fired penetrated the driver's side door of the Plaintiff's vehicle and struck Plaintiff in the hip causing serious injury that required surgery.

**ANSWER:** Defendants admit that Plaintiff was shot and injured during the course of his arrest and apprehension, but deny the further allegations of Paragraph 9 and deny that they used deadly force or fired at the Plaintiff.

10. Throughout this incident, Plaintiff William Fillyaw never obstructed justice, resisted arrest, assaulted or battered any law enforcement officials including the Defendants, nor has he been criminally charged with such conduct against any officer.

**ANSWER:** Defendants admit that Plaintiff was not charged for any criminal conduct resulting from his arrest, but deny the further allegations of Paragraph 10 and further state that Plaintiff attempted to evade arrest by fleeing in his vehicle and in attempting to do so threatened an imminent battery to officers and bystanders at the scene.

11. Defendants use of excessive and deadly force constituted an unreasonable seizure of the Plaintiff under the Fourth Amendment of the Constitution.

**ANSWER:** Defendants deny the allegations of Paragraph 11.

12. As a direct and proximate result of the Defendants' conduct, Plaintiff's constitutional rights were violated and he also suffered severe personal injury and emotional distress.

**ANSWER:** Defendants deny the allegations of Paragraph 12.

WHEREFORE, Plaintiff seeks judgment in his favor and against each Defendant. Plaintiff seeks an award in excess of $50,000 against both Defendants individually in addition to court costs and attorney's fees pursuant to 42 U.S.C. §1988.

**ANSWER:** Defendants deny that Plaintiff is entitled to any judgment against them and in his favor.

## AFFIRMATIVE DEFENSE

Defendants, in addition to the denials and defenses set forth hereinabove this responsive pleading, assert the following affirmative defense to Plaintiff's purported civil rights claim:

## QUALIFIED IMMUNITY

Defendants are entitled to qualified immunity, in that the allegations of civil rights violations set forth against them in Plaintiff's complaint, occurred within the course and scope of their official duties as police officers for the City of North Chicago and Defendants had no prior knowledge that any act or conduct was unconstitutional or violated Plaintiff's clearly established rights.

Wherefore, Defendants, Micah Cress and Kevin Crown, respectfully pray that this Court enter judgment in their favor and against Plaintiff, William Fillyaw, as to his purported constitutional claims.

Respectfully Submitted:

MICAH CRESS, KEVIN CROWN

By: *s/Julie M. Koerner*
Julie M. Koerner # 6204852
One of Defendants' Attorneys
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Fax: (847) 291-0201
e-mail: jkoerner@okgc.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM FILLYAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 08 C 3862 |
| | ) | |
| OFFICER MICAH CRESS, and | ) | Judge Kocoras |
| OFFICER KEVIN CROWN, | ) | |
| | ) | Magistrate Judge Denlow |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2008, I electronically filed **Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Joseph V. Vito
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower
233 S. Wacker Drive, Suite 5500
Chicago, IL 60606
**jvito@smsm.com**

By: s/Julie M. Koerner
Julie M. Koerner #6204852
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Fax: (847) 291-0201
**e-mail:** jkoerner@okgc.com

6