IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM FILLYAW, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 08 C 3862 |
| | ) | |
| v. | ) | Judge Kocoras |
| | ) | |
| BRIAN C. CARDER, CITY of | ) | |
| NORTH CHICAGO, and MARK C. | ) | |
| CURRAN, JR. in his official capacity | ) | JURY DEMANDED |
| as the LAKE COUNTY SHERIFF. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff William Fillyaw, represented by Joseph V. Vito, submits the following as his Second Amended Complaint.

## JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); and the Constitution of the United States.

## VENUE

2. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this matter as the case stems from an incident occurring in Wadsworth, Lake County, Illinois which is part of the Federal Judicial District for the Eastern Division of the Northern District of Illinois.

## PARTIES

3. Plaintiff is a resident of the State of Illinois and of the United States.

4. Defendant, Brian Carder was a sergeant in the North Chicago Police Department. He also served as the Commander of the North Chicago Police Department's Tactical Response Team which, in conjunction with the Lake County Major Crime Task Force, conducted the operation and arrest that gives rise to this Complaint as detailed further below. Sergeant Carder is being sued in his individual capacity.

5. Defendant, City of North Chicago, is a municipal corporation in Lake County, Illinois. The City of North Chicago operates a police department in North Chicago, Illinois.

6. Defendant, Mark C. Curran, is the Sheriff of Lake County, Illinois and in his official capacity oversaw the Lake County Major Crimes Task Force.

**COUNT I - EXCESSIVE FORCE- BRIAN CARDER**

1. This action is brought pursuant to the Laws of the United States Constitution, 42 U.S.C. § 1983, and the Laws of the State of Illinois to redress deprivations of the Plaintiff's civil rights.

2. On July 3, 2007 Defendant, Sergeant Brian Carder, while acting pursuant to his role as Sergeant in the North Chicago Police Department, Commander of the North Chicago Police Department's Tactical Response Team and member of the Lake County Major Crimes Task Force, and under color of law, unreasonably seized Plaintiff William Fillyaw. This conduct violated the Plaintiff's rights under the Fourth Amendment of the United States Constitution.

3. As part of an operation conducted by the North Chicago Police Department's Tactical Response Team in conjunction with the Lake County Major Crimes Task Force, Defendant used a large unmarked Chevrolet Suburban to ram Plaintiff William Fillyaw's vehicle with excessive and deadly force in an effort to stop his vehicle.

4. Plaintiff was never notified that he was under arrest prior to the ramming of his vehicle.

5. After the Plaintiff's vehicle was rammed, Defendant Brian Carder exited the Chevrolet Suburban and used further excessive and deadly force by firing several gun shots at the Plaintiff. One of the bullets fired penetrated the driver's side door of the Plaintiff's vehicle and struck Plaintiff in the hip causing serious injury that required surgery.

6. Throughout this incident, Plaintiff William Fillyaw never obstructed justice, resisted arrest, assaulted or battered any law enforcement officials including the Defendant, nor has he been criminally charged with such conduct against any officer.

7. Defendant Brian Carder's use of excessive and deadly force constituted an unreasonable seizure of the Plaintiff under the Fourth Amendment of the Constitution.

8. As a direct and proximate result of the Defendant's conduct, Plaintiff's constitutional rights were violated and he also suffered severe personal injury and emotional distress.

WHEREFORE, Plaintiff seeks judgment in his favor and against this Defendant. Plaintiff seeks an award in excess of $50,000 against Brian Carder individually in addition to court costs and attorney's fees pursuant 42 U.S.C. § 1988.

### COUNT II – MONELL ACTION-CITY OF NORTH CHICAGO

1-8. Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count II.

9. The City of North Chicago operates the North Chicago Police Department.

10. Plaintiff alleges on information and belief that at all relevant times the City of North Chicago through the North Chicago Police Department acted under longstanding customs, practices and policies. These customs, practices and policies consisted of improper training, hiring, supervising, controlling, disciplining, assigning, and promoting police officers.

11. On information and belief, Plaintiff alleges that under these customs, practices and policies, personnel like Sergeant Brian Carder, were improperly placed in positions of authority. Further, these customs, practices and policies did not discourage the use of deadly and excessive force.

12. As a direct and proximate result of the City of North Chicago's improper training, hiring, supervising, controlling, disciplining, assigning, and promoting police officers, Plaintiff's constitutional rights were violated and he also suffered severe personal injury and emotional distress.

WHEREFORE, Plaintiff seeks judgment in his favor and against this Defendant. Plaintiff seeks an award in excess of $50,000 against the City of North Chicago in addition to court costs and attorney's fees pursuant 42 U.S.C. § 1988.

### COUNT III – MONELL ACTION –MARK C.CURRAN, JR. in his official capacity as the LAKE COUNTY SHERIFF.

1-8. Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count III.

9. Mark C. Curran, Jr., in his official capacity as the Lake County Sheriff, operated the Lake County Major Crimes Task force.

10. Plaintiff alleges on information and belief that at all relevant times Mark C. Curran, Jr., in his official capacity as the Lake County Sheriff, acted under longstanding customs, practices and policies. These customs, practices and policies consisted of improper training, hiring, supervising, controlling, disciplining, assigning, and promoting police officers.

11. On information and belief, Plaintiff alleges that under these customs, practices and policies, personnel like Sergeant Brian Carder, were improperly placed in positions of

authority. Further, these customs, practices and policies did not discourage the use of deadly and excessive force.

      12.    As a direct and proximate result of Mark C. Curran Jr.'s, in his official capacity as the Lake County Sheriff, improper training, hiring, supervising, controlling, disciplining, assigning, and promoting police officers, Plaintiff's constitutional rights were violated and he also suffered severe personal injury and emotional distress.

      WHEREFORE, Plaintiff seeks judgment in his favor and against this Defendant. Plaintiff seeks an award in excess of $50,000 against Mark C. Curran, Jr., in his official capacity as the Lake County Sheriff, in addition to court costs and attorney's fees pursuant 42 U.S.C. § 1988

                      Respectfully submitted,

                  By:    s/Joseph V. Vito
                          Joseph V. Vito

Joseph V. Vito, Esq. (ARDC #6284193)
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower, Suite 5500
233 S. Wacker Dr.
Chicago, IL 60606
312-645-7800

4