IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM FILLYAW, )<br>   Plaintiff, )<br> v. )<br>            )<br>BRIAN C. CARDER, CITY OF )<br>NORTH CHICAGO, and MARK C. )<br>CURRAN, JR. in his official capacity )<br>as the Lake County Sheriff, )<br>            )<br>   Defendants. ) | Case No. 08 C 3862<br><br>Judge Kocoras |

**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COMES defendant, MARK C. CURRAN, JR., in his official capacity as the Lake County Sheriff, by MICHAEL WALLER, State's Attorney of Lake County, Illinois, and GUNNAR GUNNARSSON, Assistant State's Attorney for Lake County, and in answer to Plaintiff's Second Amended Complaint state as follows:

JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); and the Constitution of the United States.

ANSWER:

This Defendant admits the allegations of this paragraph 1.

VENUE

2. Pursuant to 28 U.S.C. §1391, this Court is the proper venue for this matter as the case stems from an incident occurring in Wadsworth, Lake County, Illinois which is part of the Federal

Judicial District for the Eastern Division of the Northern District of Illinois.

ANSWER:

This Defendant admits the allegations of this paragraph 2.

PARTIES

3. Plaintiff is a resident of the State of Illinois and of the United States.

ANSWER:

This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph 3, and therefore, this Defendant neither admits nor denies the same.

4. Defendant, Brian Carder was a sergeant in the North Chicago Police Department. He also served as the Commander of the North Chicago Police Department's Tactical Response Team which, in conjunction with the Lake County Major Crime Task Force, conducted the operation and arrest that gives rise to this Complaint as detailed further below. Sergeant Carder is being sued in his individual capacity.

ANSWER:

This Defendant admits that Brian Carder is an officer in the North Chicago Police Department and that he is sued in his individual capacity. This Defendant denies that the arrest was conducted in conjunction with the Lake County Major Crime Task Force. This Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph 4, and therefore, this Defendant neither admits nor denies the same.

5. Defendant, City of North Chicago, is a municipal corporation in Lake County,

Illinois. The City of North Chicago operates a police department in North Chicago, Illinois.

ANSWER:

This Defendant admits the allegations of this paragraph 5.

6. Defendant, Mark C. Curran, is the Sheriff of Lake County, Illinois and in his official capacity oversaw the Lake County Major Crimes Task Force.

ANSWER:

This Defendant admits that Mark C. Curran is Sheriff of Lake County, Illinois. This Defendant denies the remaining allegations of this paragraph 6.

## COUNT I - EXCESSIVE FORCE - BRIAN CARDER

1. This action is brought pursuant to the Laws of the United States Constitution, 42 U.S.C. §1983, and the Laws of the State of Illinois to redress deprivations of the Plaintiff's civil rights.

ANSWER:

This Defendant admits that Plaintiff attempts to brings claims under 42 U.S.C. §1983. This Defendant denies the remaining allegations of this paragraph 1.

2. On July 3, 2007 Defendant, Sergeant Brian Carder, while acting pursuant to his role as Sergeant in the North Chicago Police Department, Commander of the North Chicago Police Department's Tactical Response Team and member of the Lake County Major Crimes Task Force, and under color of law, unreasonably seized Plaintiff William Fillyaw. This conduct violated the Plaintiff's rights under the Fourth Amendment of the United States Constitution.

ANSWER:

This Defendant denies the allegations of this paragraph 2.

3.      As part of an operation conducted by the North Chicago Police Department's Tactical Response Team in conjunction with the Lake County Major Crimes Task Force, Defendant used a large unmarked Chevrolet Suburban to ram Plaintiff William Fillyaw's vehicle with excessive and deadly force in an effort to stop his vehicle.

ANSWER:

This Defendant denies the allegations of this paragraph 3.

4.      Plaintiff was never notified that he was under arrest prior to the ramming of his vehicle.

ANSWER:

This Defendant denies the allegations of this paragraph 4.

5.      After the Plaintiff's vehicle was rammed, Defendant Brian Carder exited the Chevrolet Suburban and used further excessive and deadly force by firing several gun shots at the Plaintiff. One of the bullets fired penetrated the driver's side door of the Plaintiff's vehicle and struck Plaintiff in the hip causing serious injury that required surgery.

ANSWER:

This Defendant denies the allegations of this paragraph 5.

6.      Throughout this incident, Plaintiff William Fillyaw never obstructed justice, resisted

arrest, assaulted or battered any law enforcement officials including the Defendant, nor has he been criminally charged with such conduct against any officer.

ANSWER:

This Defendant denies the allegations of this paragraph 6.

7. Defendant Brian Carder's use of excessive and deadly force constituted an unreasonable seizure of the Plaintiff under the Fourth Amendment of the Constitution.

ANSWER:

This Defendant denies the allegations of this paragraph 7.

8. As a direct and proximate result of the Defendant's conduct, Plaintiff's constitutional rights were violated and he also suffered severe personal injury and emotional distress.

ANSWER:

This Defendant denies the allegations of this paragraph 8.

## COUNT II - MONELL ACTION - CITY OF NORTH CHICAGO

1-8. Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count II.

ANSWER:

This Defendant realleges his answers to Paragraphs 1 through 8 of Count I as his answers to Paragraphs 1 through 8 of Count II as if fully set forth herein.

9. The City of North Chicago operates the North Chicago Police Department.

ANSWER:

As this count is not directed at this Defendant, this Defendant makes no response to this paragraph 9.

10. Plaintiff alleges on information and belief that at all relevant times the City of North Chicago through the North Chicago Police Department acted under longstanding customs, practices and policies. These customs, practices and policies consisted of improper training, hiring, supervising, controlling, disciplining, assigning, and promoting police officers.

ANSWER:

As this count is not directed at this Defendant, this Defendant makes no response to this paragraph 10.

11. On information and belief, Plaintiff alleges that under these customs, practices and policies, personnel like Sergeant Brian Carder, were improperly placed in positions of authority. further, these customs, practices and policies did not discourage the use of deadly and excessive force.

ANSWER:

As this count is not directed at this Defendant, this Defendant makes no response to this paragraph 11.

12. As a direct and proximate result of the City of North Chicago's improper training, hiring, supervising, controlling, disciplining, assigning, and promoting police officers, Plaintiff's constitutional rights were violated and he also suffered severe personal injury and emotional distress.

ANSWER:

As this count is not directed at this Defendant, this Defendant makes no response to this paragraph 12.

## COUNT III - MONELL ACTION - MARK C. CURRAN, JR.
## in his official capacity as the LAKE COUNTY SHERIFF

1-8. Plaintiff realleges and reaffirms Paragraphs 1 through 8 of Count I of Plaintiff's Second Amended Complaint at Law as Paragraphs 1 through 8 of Count III.

ANSWER:

This Defendant realleges his answers to Paragraphs 1 through 8 to Count I as his answers to Paragraphs 1 through 8 of Count III as if fully set forth herein.

9. Mark C. Curran, Jr., in his official capacity as the Lake County Sheriff, operated the Lake County Major Crimes Task force.

ANSWER:

This Defendant denies the allegations of this paragraph 9.

10. Plaintiff alleges on information and belief that at all relevant times Mark C. Curran, Jr., in his official capacity as the Lake County Sheriff, acted under longstanding customs, practices and policies. These customs, practices and policies consisted of improper training, hiring, supervising, controlling, disciplining, assigning, and promoting police officers.

ANSWER:

This Defendant denies the allegations of this paragraph 10.

11. On information and belief, Plaintiff alleges that under these customs, practices and policies, personnel like Sergeant Brian Carder, were improperly placed in positions of authority. further, these customs, practices and policies did not discourage the use of deadly and excessive force.

ANSWER:

This Defendant denies the allegations of this paragraph 11.

12. As a direct and proximate result of Mark C. Curran Jr.'s, in his official capacity as the Lake County Sheriff, improper training, hiring, supervising, controlling, disciplining, assigning, and promoting police officers, Plaintiff's constitutional rights were violated and he also suffered severe personal injury and emotional distress.

ANSWER:

This Defendant denies the allegations of this paragraph 12.

WHEREFORE, this Defendant prays for judgment in his favor on all claims against him and an award of his fees and costs for defending against this action.

**Affirmative Defenses to Count III**

1. To the extent that Plaintiff's Second Amended Complaint advances any claim under Illinois state law, this Defendant is not liable for any injury resulting from his act or omission in determining policy when acting in the exercise of such discretion, pursuant to 745 IlCS10/2-201.

2. To the extent that Plaintiff's Second Amended Complaint advances any claim under Illinois state law, any state law claim against this Defendant was filed after the expiration of the applicable one year statute of limitations period and is therefore barred pursuant to 745 ILCS 10/8-101.

WHEREFORE, this Defendant prays for judgment in his favor on all claims against him and an award of his fees and costs for defending against this action.

Respectfully submitted,

MICHAEL J. WALLER
State's Attorney of Lake County

By: s/Gunnar Gunnarsson
Assistant States Attorney

Michael J. Waller
States Attorney of Lake County
Gunnar Gunnarsson #06198562
Beth Prager #
Assistant States Attorney
18 N. County Street
Waukegan, IL 60085
(847) 377-3050